No. 1,410.

McCLOY v. COX ET AL.

PLEADING.—*Absence of Specific Averment of Plaintiff's Compliance with Contract.*—If a complaint shows that the plaintiff did everything, in a suit on a written contract, he had agreed to do, that is sufficient to show a performance on his part without a general averment of such performance.

CONTRACT.— *Waiver of Condition Precedent.—Performance by Third Person.*—If a party to a contract for the conveyance of land accept a conveyance before a condition precedent is performed by a third person, he can not, in an action to recover damages from him for a failure to comply, on his part, with the terms of the contract, set up, as a defense, that such third person had not performed such condition precedent; for, by accepting the conveyance, he waived the performance of the condition.

PRACTICE.—*Reducing Amount of Finding.*—A court has the right to reduce the amount of its finding before judgment rendered thereon.

From the Madison Circuit Court.

*E. B. Goodykoonts* and *G. M. Ballard,* for appellant.

*W. A. Kittinger,* for appellees.

REINHARD, J.—The appellant brought this action to recover a judgment against the appellee Cox for money paid out for his benefit by the appellant, and against the other appellees to restrain them from disposing of a certain note held by them as collateral security for a debt owing to them from said Cox. The note was executed by the appellant to Cox, and was for the sum of $6,000. Originally, the complaint was in one paragraph, but afterwards a second paragraph was added setting forth the facts in detail and asking a judgment for plaintiff below against the appellee Cox.

After the filing of the first paragraph of the complaint, and before the filing of the second, the appellees filed separate motions to dissolve the restraining order which

had been previously issued, and this motion was sustained as to all the appellees except Cox, and overruled as to him. A demurrer to the first paragraph of the complaint was overruled and an exception taken, and Cox filed his separate answer and cross-complaint. To the cross-complaint the appellant says he filed a demurrer which was overruled, but as the record does not show that any such demurrer was filed, we can not consider it. An answer of denial filed to the cross-complaint closed the issues.

The cause was submitted for trial to the court and there was a finding against appellant and in favor of the appellee Cox for $1,000 on his cross-complaint.

Appellant filed a motion for a new trial pending which the court modified its finding reducing the same to $500. The court then overruled the motion for a new trial and rendered judgment in favor of Cox for $500.

The appellant has assigned three specifications of error, viz.:

1. That the cross-complaint of appellee Cox does not state facts sufficient to constitute a cause of action.

2. That the court erred in overruling the appellant's demurrer to the answer of the appellee Cox.

3. That the court erred in overruling the appellant's motion for a new trial.

As there is no record of the filing of any demurrer to the answer or cross-complaint, the second specification of error must be disregarded, and the only attack made upon the cross-complaint must be held to be that in the first assignment.

The substance of the averments of the first paragraph of complaint is that Cox is indebted to appellant in the sum of $3,000 for money had and received and paid and expended for his use and benefit at his (Cox's) special

instance and request, which is due and unpaid; that on the 8th day of July, 1892, the appellant executed his note, thereby promising to pay said appellee Cox, or order, $6,000, on or before eighteen months after date thereof, with interest at 8 per cent. per annum after maturity until paid, which note was negotiable and payable at the Citizens' Exchange Bank of Elwood, Indiana; that appellee Cox afterwards, on July 12, 1892, assigned said note to his codefendants by the name and style of Picken & Kemp, as collateral security for the payment of $3,000 owing to them by said Cox, and that said Picken & Kemp, by said firm name, now hold said note by assignment, as aforesaid, for the sum of $3,000; that Cox is wholly insolvent except as to said note; that Cox threatens, and is about, to assign and transfer said note to other parties before the maturity thereof, and thereby defeat the plaintiff in the collection of the judgment sought to be recovered in this action, etc.

In the second paragraph of complaint it is averred that on the 13th day of May, 1892, the plaintiff and defendant Cox entered into a contract, partly oral and partly in writing, a copy of the written part being filed herewith, by the terms of the oral part of which they agreed upon the location of a factory for the manufacture of lamp chimneys at a place 3,800 feet distant from a point on the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad, where the switch or turnout mentioned in the written part of said contract should leave the main track of said railroad; and that it was further agreed orally that said Cox should procure the said railroad company to build said switch or turnout to and upon the grounds upon which said factory was to be located, and that if any amount had to be paid to said railroad company to procure and induce it to build said switch or turnout to and upon said grounds upon which said factory was

to be located that said Cox was to pay to said company any such amount as had to be thus paid; that afterwards on the 8th day of July, 1892, said Cox informed the appellant that he had perfected arrangements with said company by which it would build said switch or turnout as agreed upon between appellant and Cox to any point upon the grounds where the factory was to be located, and which track was to be built without any cost to the appellant, and in all things pursuant to said contract; that thereupon, on said day, the appellant, relying on said Cox's statement, and believing it to be true, and that said track, switch or turnout would be so built promptly and without any further cost to him, the appellant then and there paid the said Cox $4,000 in cash and executed his note to him for $6,000, due eighteen months thereafter, and also executed to said Cox a mortgage on said real estate to secure the payment of the note, and then and there received from the said Cox a deed of conveyance by general warranty to and for said real estate; that thereupon the appellant let his contract for building said factory on said real estate at the place at which he was to build the same according to their agreement aforesaid; that after having let said contract he went to the said railroad company and asked and urged them to immediately build said switch or turnout to said factory site so that he might get his material there and erect his factory without delay; that he then learned for the first time that said Cox had agreed with said railroad company to build said switch or turnout, but by the terms of said agreement the said railroad company was to build 1,000 feet of said switch at their own expense, and the said Cox was to pay the sum of $1 per foot for the remaining 2,800 feet thereof, and that they were ready to build said 'switch or turnout as soon as said Cox would pay or secure to said company the said $2,800;

that appellant then went to said Cox and requested him to make such arrangements with said company about the payment of said money as would insure the early completion of said switch; that said Cox then informed appellant that he did not intend to and would not pay said $2,800, or any part thereof, and that appellant would have to pay that amount or make some arrangements with the railroad company about building that part of said switch or turnout; and appellant avers that before he could get said switch built he had to pay the said railroad company the said sum of $2,800. And he further avers that the representation and statement and contract made between said Cox and said railroad company, by which the former was to pay said company $2,800 for the construction of said switch, and the further statement afterwards, to wit: on the 8th day of July, 1892, made by said Cox to the appellant, that he had procured said company to build said switch to said factory site, were all and singular made with the false and fraudulent intention to deceive, cheat and defraud this appellant; and that appellant was so deceived by said Cox's statements, and relying and acting upon them, he executed his note and mortgage to pay the money aforesaid to said Cox. He further avers that said Cox never did but absolutely refused to pay said railroad company any part of said $2,800, and that he has never paid appellant any part thereof; that by reason of the premises, appellant has been damaged $2,800, for which he asks judgment and for all other proper relief.

The counter-claim, or cross-complaint, addressed to the second paragraph of the complaint is, in substance, as follows:

Defendant Cox admits that he and the plaintiff, on the 13th day of May, 1892, entered into a written contract, but denies there was any oral contract between him and

plaintiff on that date, and says the entire agreement between them, as to the matters referred to in the said complaint, was in writing, and that a copy thereof is herewith filed as exhibit "A;" that said instrument was an agreement of sale of certain real estate in Tipton county, Indiana, describing it; that by the terms of said agreement the plaintiff was to pay the said defendant for said real estate the sum of $11,000.00; that of this amount, $4,000 was to be cash in hand and $6,000 to be secured by mortgage upon said real estate, without interest, and payable when the capital stock in a certain corporation to be organized and operated on said land, for the manufacture of chimneys, should be fully paid up. And it was further agreed in said written agreement between these parties that the said stock should be considered paid when either cash to the amount of said account, or its equivalent, should be substituted for cash in whole or in part; that by the terms of said agreement the remaining $1,000 of the purchase-money for said real estate was to be taken by said defendant in the capital stock of said corporation, and the said $1,000 was to be equivalent to, and the defendant was to receive therefor, one-fifth of the capital stock of said corporation; that said agreement provided further that the conveyance of said land was to be made by said defendant to plaintiff by warranty deed and the note for the said $6,000 of the purchase-money and a mortgage on said land executed and the stock taken as provided in said agreement, whenever the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company should run a switch or turnout to and on the said lands for said manufacturing corporation, or when said railroad company should agree so to do, and if the said railroad company should refuse to build said switch, then the agreement was not to be carried into effect; that afterwards, on the 8th day of July, 1892, the said railroad

company, having agreed to construct said switch and turnout to said lands, the said contract was fully carried out and consummated in all things by this defendant executing a warranty deed for said real estate; that plaintiff, on said last named day, executed his note to this defendant for the sum of $6,000, and a mortagage upon said real estate securing the payment of said note, but failed and refused to deliver or transfer said stock in said corporation to this defendant, as provided in said agreement; that said corporation was, at that time, an organization, and the capital stock had been fully paid up according to the terms of the agreement; that said corporation has ever since said time been in full operation, and the capital stock fully paid up, and that this defendant has made repeated demands upon said plaintiff to issue or cause to be issued or transferred to this defendant the one-fifth of the capital stock of said corporation, which is known as the Washington R. McCloy Glass Company; that said plaintiff fails and refuses to issue or cause to be issued to this defendant any part of said stock; that said one-fifth of the stock of said corporation is of the value of $10,000, and by the refusal of the plaintiff to issue or cause to be issued or transferred the said one-fifth of said stock, this defendant has suffered loss and damage in the sum of $10,000, and he now offers to set off so much thereof as may be necessary against any sum that may be found due the plaintiff, and asks judgment for the balance.

The written agreement between McCloy and Cox, referred to in and made an exhibit of both the complaint and cross-complaint, is as follows:

"This agreement, made this 13th day of May, 1892, by and between Thomas A. Cox, of the first part,

and Washington R. McCloy, of the second part, witnesseth, that the first party, for the consideration herein mentioned, and subject to the conditions hereinafter named, hereby agrees to sell to the second party the following described real estate, situate in Tipton county, Indiana, to wit: Being the south half of the northeast quarter of section eight (8), township twenty-one (21) north, of range six (6) east, in Tipton county, Indiana. The second party is to pay to the first party for said land the sum of eleven thousand dollars, four thousand of which shall be cash, six thousand to be secured by mortgage on said land without interest, and payable when the capital stock in a certain corporation to be organized and operated on said land for the manufacture of lamp chimneys, shall be fully paid up; and it is hereby understood that said stock shall be considered as fully paid up when either cash to the amount of said stock shall be paid in or its equivalent in land shall be substituted for cash in whole or in part to the amount of said stock; the remaining one thousand dollars to be taken by said first party in the capital stock of said corporation to be equivalent to one-fifth of said capital stock.

"The first party is to furnish a good, clear title to said land to be shown by an abstract of title to be furnished by the first party; it is hereby mutually agreed that said land shall be transferred by warranty deed, the money paid, the mortgage given and the stock taken as provided above, when the Pittsburgh, Cincinnati, Chicago, and St. Louis Railway Company shall build a switch or turnout to and on the lands above described for said manufacturing corporation, or when said railroad company shall agree so to do, and if said railroad company shall refuse to build said switch, then this said agreement shall not be carried into effect and both parties hereto shall then stand as if this contract had never been

made. It is further mutually agreed and understood as a part of this agreement that all the gas privileges and gas well locations now in the possession of said first party shall be delivered or properly assigned to said second party or corporation to be hereafter organized, as aforesaid, when the transfers above mentioned shall be effected. Witness,'' etc.

We think the cross-complaint or counter-claim was good after verdict. The objection made to it that it does not aver a compliance with the conditions of the contract on the part of appellee Cox is not tenable. The pleading shows that Cox did everything he had agreed to do, and that the appellant had failed and refused to turn over or cause to be turned over to the appellee the stock which he had bargained for, and that he was damaged thereby. It is true it is not shown that the railroad company had made the switch or entered into a valid and binding contract for making it; but it is shown that the contract was otherwise fully carried out between the parties by the execution of the deed on the one side and the payment of $4,000 purchase-money and the execution of the note and mortgage for the remaining $6,000 on the other, and it is averred that the company agreed to build the switch. The appellant having received the benefit of the conveyance can not be heard to deny his liability for the performance of the consideration for such conveyance.

The written contract relied upon does not require the appellee Cox to put in the switch at his own expense, but that is to be done by the railroad company. If the appellant chose to receive the conveyance without the switch, he can not now, for that reason, refuse to comply with his portion of the contract. He was, probably, not required to accept the deed before there was some definite arrangement about the switch, but having, nev-

ertheless, accepted it he must, under the terms of the written contract, make good his agreement by turning over the stock or causing it to be done, or pay the damages for a failure to do so.    Nor was it necessary to aver that Cox had assigned or transferred all the gas leases and privileges which he owned to the appellant or the corporation to be organized.    It was sufficient if he was ready and willing to do so on assignment of the stock to him.    The failure to aver such offer will not render the counter-claim bad when attacked for the first time after verdict.

Appellant also thinks a demand for the stock is not sufficiently alleged.    We are of a different opinion.    It is averred that appellee made repeated demands upon the appellant for one-fifth of the capital stock to be assigned to him.    No reason is given by appellant's counsel why this is not a sufficient averment of a demand and we know of none.    If a demand is necessary we think it is sufficiently pleaded.    The counter-claim is sufficient.

The remaining specification of error is the overruling of appellant's motion for a new trial.    It is insisted that the finding of the court is not supported by sufficient evidence.    The theory of the appellant, who was the plaintiff below, was that the appellee Cox, under the terms of the agreement, was to have the switch or side track from the main track of the railroad company constructed either at his own expense or that of the company, and having failed to do so, and the appellant being compelled to pay for the construction in order to secure the track or switch, the appellee is indebted to him for the same.

In support of this theory the appellant introduced evidence tending to prove that he paid the company $500 cash, and agreed to pay to it $2,300 more in the future,

making in all $2,800.   The appellee Cox denied that he
was to be responsible for the expense of putting in the
switch.   The court found in favor of Cox in the sum of
$1,000, but reduced the amount to $500 before the motion
for a new trial was ruled upon.   The court doubtless had
a right to modify its finding at any time before final
judgment, and the result of such modification was the
same as if the finding had been for only $500 in the first
instance.  Whether the appellant could in any event have
recovered more than the amount actually laid out by
him for the construction of the switch we need not de-
cide.   He does not claim to have paid out more than
$500 for that purpose, whatever may be his liability for
the residue.   The value of the stock was a matter for
the determination of the court from all the facts and cir-
cumstances of the case.   It was not bound to take the
appellant's statement that it was only worth twenty-five
per cent. or that it was not worth anything.   The court
had a right to estimate the stock at the value placed
upon it by the parties in making the deal.

But there is the other theory that Cox was not to pay
for the switch or be liable for it.   There was some evi-
dence tending to prove this.   If the court took this view
and allowed the appellee $500 for the stock, it must have
been because the court fixed the value of the stock at
only $500.

In this view of the evidence, we can not say that the
court erred.  There was evidence from which the court
had a right to find as it did, and we can not disturb the
finding.

This ruling disposes of the principal questions in-
volved in this appeal.   There is some complaint by ap-
pellant that the finding is excessive.   What we have
said upon the sufficiency of the evidence will indicate

our views on this subject also.    The appellant also complains of some rulings in the admission and rejection of testimony.    We do not regard these minor matters of sufficient importance to require special consideration. We have examined all questions presented and find no reversible error.

Judgment affirmed.

Filed Feb. 19, 1895.